**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6322**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

BEVERLY A. CLAIBORNE, JR., a/k/a BJ, a/k/a Tyrone Crooks,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:99-cr-00297-REP-1)

Submitted:  September 13, 2021     Decided:  September 24, 2021

Before DIAZ and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Paul G. Gill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Raj Parekh, Acting United States Attorney, Alexandria, Virginia, Jessica D. Aber, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Beverly A. Claiborne, Jr., appeals from the district court's order denying his motion for compassionate release. On appeal, he asserts that the district court erred by concluding that his hypertension was insufficiently serious to qualify as an extraordinary and compelling reason for release in the context of the COVID-19 pandemic and that the court overlooked evidence of Claiborne's mitigating circumstances. We affirm.

The district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i), if "extraordinary and compelling reasons warrant such a reduction," upon a motion by the Bureau of Prisons' (BOP) Director or by the defendant after he has exhausted his administrative remedies with the BOP. 18 U.S.C. § 3582(c)(1)(A)(i). When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *High*, 997 F.3d at 186. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (citing cases). Next, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii); *High*, 997 F.3d at 186. Finally, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the 18 U.S.C. § 3553(a) factors "in deciding whether

2

to exercise its discretion to reduce the defendant's term of imprisonment." *High*, 997 F.3d at 186; 18 U.S.C. § 3582(c)(1)(A).

On appeal, Claiborne challenges the district court's conclusions on his particularized susceptibility to serious disease and the district court's consideration of the §3553 factors. However, the district court also determined that Claiborne failed to show that he faced a particularized risk at Lee USP, given its low positivity rate and lack of any COVID-19 deaths. Claiborne has not challenged this determinative finding on appeal and, thus, has abandoned any claim of error. *See United States v. Powell,* 666 F.3d 180, 185 & n.4 (4th Cir. 2011). Given that, in order to show an extraordinary and compelling reason for release based upon the COVID-19 pandemic, a prisoner must, among other things, show a particularized risk of contracting COVID-19 at his facility, any error by the district court regarding Claiborne's medical condition or the consideration of the § 3553 factors was harmless.[*]

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Lee USP has vaccinated 190 staff members and 939 inmates. There are currently no COVID-19 cases among inmates, and there have been no deaths. 487 inmates and 159 staff members have recovered. *See* www.bop.gov/coronavirus/ (last visited Sept. 23, 2021). Given that Lee USP's statistics support the conclusion that COVID-19 is currently contained and that the institution was able to adequately treat those with the virus, we find no reason to overlook Claiborne's abandonment of this claim.